DUFRESNE, Judge,
dissenting.
I respectfully dissent from the majority opinion. Although there was some confusion and/or misunderstanding between the defendant and the probation department, he was well aware of his conditions of probation as pronounced in open court by the trial judge. Yet for over a year and a half he did “absolutely zero to fulfill his probation”.
At the time of his sentencing, the court informed the defendant as follows:
THE COURT:
*263 _ One hundred (100) hours of community service, and the Jefferson Parish Substance Abuse Clinic, you’re to have a weekly analysis of your urine. If you miss one of those, its going to be a violation of your probation, and you will serve your five years, you see. You understand that?
THE DEFENDANT:
Yes, sir.
The majority places too much emphasis on the defendant’s impression that he was to await a notification from the probation department of a transfer from the West Bank unit to the East Bank unit. He was properly notified in open court to specifically and immediately enroll in the Jefferson Substance Abuse Clinic because the Court felt he had prior cocaine problems; yet he did nothing at all.
I find no abuse of discretion by the trial judge in revoking the defendant’s probation.
Accordingly, for the above reasons, I would affirm the probation revocation.